**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**KANSAS CITY DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Case No. BK 15-41915-11 |
| GAS-MART USA, INC., | ) | (Proposed Lead Case) |
| | ) | |
| Debtor. | ) | Chapter 11 |

_____

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Case No. BK 15-41917-11 |
| AVING-RICE, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| *Joint Administration Requested* | ) | |

_____

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Case No. BK 15-41918-11 |
| FRAN TRANSPORT & OIL CO., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| *Joint Administration Requested* | ) | |

_____

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Case No. BK 15-41919-11 |
| G&G ENTERPRISES, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| *Joint Administration Requested* | ) | |

_____

**MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION**
**OF RELATED CASES**

COME NOW Gas-Mart USA, Inc., debtor and debtor-in-possession in Case BK 15-41915-11, Aving-Rice, LLC, debtor and debtor-in-possession in Case BK 15-41917-11, Fran Transport & Oil Co., debtor and debtor-in-possession in Case BK 15-41918-11, and G&G Enterprises, LLC, debtor and debtor-in-possession in Case BK 15-41919-11 (collectively

referred to herein as "Debtors"[1]), pursuant to 11 U.S.C. §§ 105(a), 302(b), Fed. R. Bank. P. ("Rule") 2014, and Local R. Bank. P. 1015-1, and in support of this Motion For Order Directing Joint Administration Of Related Cases (the "Motion"), state and allege as follows:

**Procedural Background**

1. On July 2, 2015, (the "Petition Date") Debtors filed four separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Related Cases") in the United States Bankruptcy Court for the Western District of Missouri (the "Bankruptcy Court").

2. Each Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. An Official Committee of Unsecured Creditors has not yet been appointed in any of the Related Cases.

4. This is a core proceeding pursuant to 28 U.S.C. §157(2)(A).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1408.

**Debtors' Background[2]**

7. Gas-Mart was founded in 1995 and completed construction on its first store in early 1996. By 2003, Gas-Mart completed construction from the ground up on seven gasoline station/convenience stores ("C-Stores") located in and around Kansas City. As a result of these "greenfield" locations as well as certain acquisitions, the business grew to 18 C-Stores and three additional vacant sites by the end of 2003. Additional stores have built or acquired since 2003 as discussed below.

---

[1] Unless otherwise noted, the use of the term "Debtor" shall refer to each individual debtor comprising the Debtors.
[2] A more detailed explanation of Debtors' business operations, current issues, and other pertinent information can be found in the *Declaration of John Tittle, Jr., Chief Executive Officer, In Support Of The Chapter 11 Petitions And First Day Pleadings* filed contemporaneously herewith

8. Gas-Mart and Aving-Rice now own and operate 34 C-Stores. In addition, Gas-Mart presently leases and operates eight C-Stores from independent third parties. With locations in Iowa, Illinois, Indiana, Nebraska, and Wisconsin, Gas-Mart and Aving-Rice operate 22 and 20 C-Stores, respectively, as of the Petition Date. Gas-Mart also owns and operates a wholesale fuel business distributing gasoline and diesel to other C-Stores as well as other third party commercial ventures. Moreover, Aving Rice also owns and operates a full service liquor store that is attached to one of its C-Stores.

9. As of the Petition Date, G&G owns and leases ATM's to the 42 Gas-Mart and Aving-Rice locations as well as certain Phillips66 ("P66") locations in the greater Kansas City Area ("Kansas City"). In May 2015, an office building previously owned by G&G was sold to a third party for $2.3 million including seller financing of $400,000. The balance of the proceeds of $1.9 million was used to satisfy closing costs, taxes, and the secured debt on the property.

10. Fran is a fuel hauling business located in and serving Kansas City. Historically, Fran transported fuel primarily for the Gas-Mart locations in Kansas City after the business was relocated from Omaha, NE in June 2013. Since March 1, 2015, Fran has hauled and delivered fuel for 36 P66 C-Stores in the Kansas City and, since the closing of the sale by Gas-Mart of its 19 Kansas City locations to TravelCenters of America ("TA") on April 30, 2015, discussed further below, Fran now provides hauling services to TA as well. Accordingly, all of the fuel purchased by Gas-Mart and Aving-Rice is transported by common carriers.

11. Debtors currently have over 300 employees, and approximately 700 creditors. Gross revenues for Debtors in 2014 were over $338 million, but with the TA sale, projected gross revenues for 2015 are about $200 million.

12. As discussed earlier, GasMart built or acquired 18 C-Stores from 1996 to 2003. In early 2004, the Gas-Mart acquired 28 sites from P66 located in three states (Illinois, Wisconsin and Indiana). In 2005, a location was built in Kansas City from the ground up on one of the vacant sites purchased in 2003. In 2006, Gas-Mart added seven additional C-Stores, located in two new states (Iowa and Nebraska), as well as a new business line, the distribution of wholesale fuel. The stores acquired in 2004 and 2006, along with certain Gas-Mart stores in Kansas City, were refinanced with a $42 million financing package provided by Sun Life Assurance Company of Canada ("Sun Life") which closed on March 22, 2007. Other individual stores were financed though Sun Life subsequent to placement of the 2007 facility as well as the refinancing of the G&G office building for $2.2 million which occurred on October 5, 2007.

13. Gas-Mart continued its growth in 2012 with the acquisition of 41 locations in Southern Illinois for over $13 million through a newly established entity, Aving-Rice, continuing the use of the trade name "Jumpin' Jimmy's." This transaction was financed through St. John's Bank ("St. John's Bank") and SNC JJ Holdings, LLC, an affiliate of Silver Point Capital ("Silver Point") for about $7 million and $6 million, respectively. Seven of the Jumpin' Jimmy's locations subsequently were sold.

14. Also in 2012, Gas-Mart added two Kansas Turnpike locations (the "Turnpike Stores"), pursuant to agreements with the Kansas Turnpike Authority (the "KTA"), and managed for P66 an additional 36 stores located in Kansas and Missouri, bringing the Debtors' total store count to 108. The principal investments made by Gas-Mart with regard to the Turnpike Stores included the provision of the pumps, tanks, and canopy as well as all inventories, both inside merchandise and fuel. The structure involved in the managing of the P66 locations evolved over time but could generally be characterized as Gas-Mart managing the locations and providing the

inside merchandise with P66 supplying the fuel, paying the Company a management fee, and both parties dividing the resulting positive cash flow.  These locations are characterized by the Company as the "Fee Op Stores."   Acquisition of inventory for the Fee Op Stores was a major investment and outlay of cash in late 2013 as the arrangement with the Fee Op Stores evolved.

### Relation of Debtors

15. Each of the Debtors is a legally separate entity.  Each of the Debtors are affiliates of each other pursuant to 11 U.S.C. §101(2)(B) as each Debtor has common owners that own or control at least 50% of its voting securities of each Debtor.

### Relief Requested

16. By this Motion, the Debtors request that the Court enter an order jointly administering these bankruptcy cases pursuant to 11 U.S.C. §§ 105(a), 302(b), Fed. R. Bank. P. ("Rule") 1015(b), and Local R. Bank. P. 1015-1.

17. Rule 1015 provides that the Court may jointly administer the estates of related debtors whose petitions are pending before the same court, as is the case here.  Further, the process of joint administration "has been referred to as merely a creature of procedural convenience since it avoids the inevitable duplication of effort that would result if cases involving related debtors were to separately proceed in bankruptcy." *In re Farmers and Feeders, Inc.*, 1994 WL 1887489 (Bankr. D.N.D. 1994).

18. As noted above, Debtors currently have over 300 employees, and over 700 creditors. Gross revenues for Debtors in 2014 were over $338 million, but with the TA sale, projected gross revenues for 2015 are about $200 million.  In addition, Debtors' have common ownership.

19. Moreover, Debtors' have various parties asserting various liens against various assets of Debtors securing aggregate claims in excess of $25 million.  As such, any motions or actions

(including any motions to incur debt, provide adequate protection, etc., as well as any plan and disclosure statement) will invariably require the involvement of these parties. It makes little sense for each individual Debtor to file separate motions when seeking similar orders from this Court that may impact the rights of Debtors' creditors as a whole. In addition, there is little doubt that the future of each individual Debtor is tied to the Debtors as a whole. As such, it can reasonably be anticipated that most, if not all, motions and other pleadings will involve Debtors as a collective.

20. Absent the relief requested herein, the administration of Debtors' bankruptcy cases will be multiplied four-fold. This will lead not only to the potential for confusion, but also to dramatically increased administrative costs for Debtors' individual estates. Moreover, the separate administration of Debtors' individual cases may unduly tax the resources of this Court and the Office of the United States Trustee. The potential for administrative confusion, increased costs and expenses, and the drain on administrative resources far outweighs any detriment to any individual creditors.

21. Joint administration of the Debtors' cases should result in significantly reduced administrative expenses, will serve to simplify the administration of Debtors' respective cases, and will not prejudice Debtors' respective creditors. Moreover, judicial economy will best be served by the relief requested herein. As such, it is in the best interests of the Debtors, their respective estates and the respective creditors thereof to grant this Motion.

22. Moreover, the rights of creditors will not be adversely affected as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor can still file its claim against a particular estate. In fact, all creditors will benefit by the reduced costs that will result from the joint administration of these cases. The Court also will be

CORE/9990000.6106/107800146.1

relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the United States Trustee for the District of Missouri will be simplified

23. Accordingly, the Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these Chapter 11 cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Case No. BK 15-41915-11 |
| GAS-MART USA, INC., et al | ) | (Lead Case) |
| | ) | |
| Debtors.FN1 | ) | Chapter 11 |

_____

FN1 Gas-Mart USA, Inc., debtor and debtor-in-possession in Case BK 15-41915-11, Fran Transport & Oil Co., debtor and debtor-in-possession in Case BK 15-41917-11, G&G Enterprises, LLC, debtor and debtor-in-possession in Case BK 15-41918-11, and Aving-Rice, LLC, debtor and debtor-in-possession in Case BK 15-41919-11 (collectively referred to herein as "Debtors").

WHEREFORE, Debtors, Gas-Mart USA, Inc., Aving-Rice, LLC, Fran Transport & Oil Co., and G&G Enterprises, LLC, respectfully pray that this Court enter an Order granting this Motion in full, authorizing the joint administration of case numbers 15-41915-11, 15-41917-11 through 15-41919-11, with case number 15-41915-11 being designated as the lead bankruptcy case, and granting any other relief at equity or law this Court deems necessary.

--- SIGNATURE PAGE TO FOLLOW ---

Respectfully submitted this 2nd day of July, 2015.

        STINSON LEONARD STREET LLP

        By:   */s/ Paul M. Hoffmann*
        Paul M. Hoffmann MO # 31922
        Patrick R. Turner NE # 23461 (*pro hac* pending)
        Nicholas J. Zluticky MO # 61203
        1201 Walnut, Suite 2900
        Kansas City, MO 64106
        Telephone: (816) 842-8600
        Facsimile: (816) 691-3495
        paul.hoffmann@stinsonleonard.com
        patrick.turner@stinsonleonard.com
        nicholas.zluticky@stinsonleonard.com

        PROPOSED COUNSEL FOR THE DEBTORS