IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| GAS-MART USA, INC., | ) | Case No. 15-41915-11 |
| | ) | *Lead Case* |
| Debtor. | ) | |
| | ) | |
| IN THE MATTER OF: | ) | |
| | ) | |
| AVING-RICE, LLC, | ) | Case No. 15-41917-11 |
| | ) | *Joint Administration Requested* |
| Debtor. | ) | |
| | ) | |
| IN THE MATTER OF: | ) | |
| | ) | |
| FRAN TRANSPORT & OIL CO. | ) | Case No. 15-41918-11 |
| | ) | *Joint Administration Requested* |
| Debtor. | ) | |
| | ) | |
| IN THE MATTER OF: | ) | |
| | ) | |
| G&G ENTERPRISES, LLC, | ) | Case No. 15-41919-11 |
| | ) | *Joint Administration Requested* |
| Debtor. | ) | |
| | ) | |

**MOTION TO DISMISS,
OR IN THE ALTERNATIVE,
MOTION TO ABSTAIN PURSUANT TO SEC. 305,
OR IN THE ALTERNATIVE,
MOTION TO ALLOW CUSTODIAN TO BE EXCUSED FROM
COMPLIANCE WITH TURNOVER REQUIREMENTS OF SEC. 543
OR IN THE ALTERNATIVE
<u>MOTION TO APPOINT JOHN SOPINSKI AS CHAPTER 11 TRUSTEE</u>**

John Sopinski, duly appointed Custodian by the Order of the Johnson County District

(the "Custodian"), by and through his undersigned counsel, and pursuant to 11 U.S.C. §§ 105

and 1112 and Fed. R. Bankr. P. 2002(a)(4), and 6004, files this Motion to Dismiss, or in the alternative Motion to Abstain pursuant to Sec. 305, or in the alternative, Motion to Allow Custodian to be excused from turnover requirements of Sec. 543, or in the alternative, Motion to Appoint Johnn Sopinski as Chapter 11 Trustee, and in support thereof states:

## SUMMARY

This case and the preceding litigation is a classic 50/50 shareholder split of closely held group of companies. The shareholders are split 50/50 and do not agree on the operation of the various business. The Debtor moved for the appointment of a receiver in Johnson County District Court and said application was denied. The parties eventually agreed on the appointment of a Custodian, John Sopinski. Since the appointment of the Custodian, one group of shareholders and the Chief Executive Officer have attempted to frustrate the efforts of the Custodian. The bankruptcy petitions were filed without the knowledge of the Custodian notwithstanding the clear orders of the Johnson County District Court. This case should be dismissed as the bankruptcy filing was not authorized. In the alternative, the Court should abstain from hearing this matter pursuant to Sec. 305. In the alternative, the Custodian seeks an Order from the Court relieving him from the turnover requirements of Sec. 543. In the further alternative, the Custodian moves that he be appointed Ch. 11 Trustee.

## FACTUAL BACKGROUND

1. On July, 2015 (the "Petition Date") the Chief Executive Officer of the Debtor, John Tittle Jr. commenced this case by filing a voluntary petition pursuant to Chapter 11, Title 11, United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. These bankruptcy filings were initiated by 50% of the shareholders of Gas-Mart (David George, Michael George, and George Family Trust) and the recently appointed CEO, John Tittle.

3. The other 50% shareholders: the Abraham J. Gustin Revocable Trust and Gregory J. Gustin are represented by the Martin Pringle Law Firm. Abe Gustin died on October 7, 2010 and the redemption of his trust's 25% interest in Gas-Mart and G&G Enterprises, LLC has been the subject of litigation for over three years in the District Court of Johnson County, Kansas. This litigation also involves the alleged misappropriation of funds from G&G Enterprises by the Georges, who are the other 50% shareholders in these two entities. Both of these companies have offices at 10777 Barkley, Overland Park, KS.

4. Gas-Mart USA, Inc. is a Missouri corporation authorized to do business in Kansas. David George owns 12.5%; Michael George owns 12.5%; George Family Trust 25%; Abe Gustin Trust 25%; and Greg Gustin 25%.

5. G&G Enterprises, LLC is a Kansas limited liability company. This company is owned in the same percentages as Gas-Mart.

6. Fran Transport & Oil Co. is a Missouri corporation. This corporation is owned in the same percentages as Gas-Mart.

7. Aving-Rice, LLC is an Illinois limited liability company that is allegedly owned by the Georges 50% and by Baljit Nanda through his trust 50%. This company was formed to buy 27 C stores in Illinois and uses Gas-Mart to manage and operate them. It is alleged that Gas-Mart actually owns this company as it was a corporate opportunity that was misappropriated by the Georges after Abe Gustin died.

8. The first case in Johnson County (Case No. 11CV03966) (hereinafter referred to as "G&G Litigation") went to trial in early March, 2015. The litigants are waiting on the judge's decision. Findings of fact and conclusions of law are due by July 11th.

9. The second case in Johnson County (Case No. 12CV08945) hereinafter referred to as the "Gas-Mart Litigation) was actually filed by Gas-Mart against the Abe Gustin Trust to seek a declaratory judgment that the attempted redemption of the trust's stock should be enforced. The Defendant's filed a counterclaim disputing the valuation of the stock interest. It was scheduled for trial in June, but it was moved back to late October.

10. After the G&G trial was concluded, Gas-Mart filed a motion to appoint a receiver in the Gas-Mart case in March, 2015. A copy of the Application for Appointment of Receiver is attached hereto as Exhibit 1. The Defendants opposed the receivership motion because the company was not insolvent and they did not want it to be liquidated. Gas-Mart also tried to get John Tittle appointed the receiver as he was currently serving as a turn-around specialist for the Gas-Mart and affiliated companies. Because he had a sales agreement with Gas-Mart that paid him a commission for selling off stores, the Defendants argued that he was not a disinterested person.

11. The Court denied the Motion to Appoint a Receiver on March 24th. (Exhibit 2, Order Denying Application for Appointment of a Receiver) The Defendants argued that a custodianship should be created because the company was not insolvent, but did suffer from a shareholder deadlock and could not elect a board of directors as a result of such. The Johnson County Court agreed and instructed the two sides to agree on a custodian or he would appoint one. Through negotiation the parties agreed on an independent custodian by the name of John Sopinski. A joint application for the appointment of Mr. Sopinski was filed and a copy is

attached hereto as Exhibit 3. The Johnson County Court granted the Application for the appointment of John Sopinski as Custodian (Exhibit 4, Order Granting Application for Custodian, April 13, 2015.)

12. At the same time that the parties entered into the Agreed Order Granting Application for Custodian, the Debtor entered into an Executive Employment Agreement with John Tittle as CEO and this same agreement was approved by the Johnson County District Court and attached as Exhibit 5 to the Court's Order. A copy of the Executive Employment Agreement is attached hereto as Exhibit 5. The Court stated in its Order that John Tittle could be employed subject to the terms and conditions of the Executive Employment Agreement.

13. The Executive Employment Agreement specifically states that the John Tittle was not authorized to sell or lease assets of the Companies outside the ordinary course without the prior consent of the Custodian. (Exhibit 5, p. 2)

14. The parties compromised and agreed that both men would be necessary to the successful restructuring of the companies.

15. The pending sales of the stores were also approved by the Johnson County Court in its Order and the transaction closed (Exhibit 4, p. 3)

16. In the last couple of months, it became clear that Tittle did not like having to work under Sopinski. Tittle met with and Custodian Sopinski and representatives of the Defendants approximately 10 days ago to discuss restructuring plans that Tittle was supposed to be formulating. (Exhibit 6, Affidavit of John Sopinski, p. 3, ¶8) During that meeting, Tittle told Custodian Sopinski two things. First, that he wanted to buy the business after it got turned around with the Georges as his partners. Second, that Custodian Sopinski's salary should be cut in half because the company could not afford both of their salaries and he was not really

necessary. The Defendants objected because Custodian Sopinski was the only person who was independent and did not have a conflict of interest.

17. The bankruptcy was filed without the knowledge or input of Custodian Sopinski or the other 50% shareholders. On July 3, 2015, after the bankruptcy was filed, Tittle told Sopinski that Tittle had told the Georges and the Gas-Mart employees not to tell Sopinski that bankruptcy petition being as filed. (Exhibit 6, Affidavit of John Sopinski, p. 3, ¶8)

18. The court's Order appointing a Custodian expressly states as per K.S.A. 17-6516(b) that the custodian has all of the powers set forth therein, which includes all powers of a receiver. It also authorizes the hiring of Tittle as CEO as per his Employment Agreement. The Employment Agreement provides in paragraph 2 that the CEO may take certain actions only with the prior consent of the Custodian. (Exhibit 5, p. 2) It further provides that any action the CEO takes which will cost the company more than $100,000 requires the prior approval of the Custodian. (Exhibit 5, p. 2)

19. Neither the filing of the bankruptcy petition nor the payment of a $100,000 retainer to Stinson Leonard was approved by the Custodian.

20. According to case law in Kansas, the Custodian "steps into the shoes of the officers and directors of the corporation". Consequently, the Georges have no authority as directors to take the company into bankruptcy. Therefore, the petition should be dismissed on that basis.

21. The Order of the Johnson County Court also states that the Custodian shall continue the business of the Companies (all four) and not liquidate its assets except as otherwise ordered by the Court. (Exhibit 4) The Polsinelli law firm, John Tittle and the Georges have all

violated the Court's Order by not only filing the bankruptcy without consent, but also attempting to unilaterally terminate the Custodian.

### ARGUMENT

1. Bankruptcy Court should follow the express Orders of Johnson County District Court that the Custodian is the party with decision making ability

The Johnson County Court's Order appointing a Custodian expressly states as per K.S.A. 17-6516(b) that the custodian has all of the powers set forth therein, which includes all powers of a receiver. It also authorizes the hiring of Tittle as CEO as per his Employment Agreement. The Employment Agreement provides in paragraph 2 that the CEO may take certain actions only with the prior consent of the Custodian. (Exhibit 5) It further provides that any action the CEO takes which will cost the company more than $100,000 requires the prior approval of the Custodian. Neither the filing of the bankruptcy petition nor the payment of a $100,000 retainer to Stinson Leonard was approved by the Custodian.

The Order of the Johnson County Court also states that the Custodian shall continue the business of the Companies (all four) and not liquidate its assets except as otherwise ordered by the Court. The Polsinelli law firm, John Tittle and the Georges have all violated the Court's Order by not only filing the bankruptcy without consent, but also unilaterally terminating the Custodian.

2. Case law provided that the custodian has all powers of officers and directors

According to case law in Kansas, the Custodian "steps into the shoes of the officers and directors of the corporation". Valley View Bank. v. Owen, 241 Kan. 343, 346 (Kan. 1987); See also, Northside Developers, Inc. v. Cole, 804 P.2d 1036, Kan. App. 1991) Consequently, the Georges are no longer officers or directors of the Debtor company and have no authority as

00680149                                                  7

directors to take the company into bankruptcy. Only the custodian has the decision making authority to file for bankruptcy if he determines that is necessary. Therefore, the petition should be dismissed on that basis.

   3. Bankruptcy case law is distinguishable from the facts of the current case

   There is a substantial amount of case law that provides that the former officers and directors lose their ability to file for bankruptcy when a receiver or custodian is appointed. The court, by its orders, have removed the former officers and directors from their positions and vested their authority in the Custodian. See, <u>First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n</u>, 531 F. Supp 251, 255-56 (D. Hawaii 1981; <u>SEC v. Spence and Green</u>, 612 F.2d 896, 903 (5th Cir. 1980); <u>Prairie States Petroleum v. Universal Sales Corp.</u>, 88 Ill. App. 3d 753 (1980); <u>Sec. & Exch. Comm'n v. Bartlett</u>, 422 F. 2d 475, 479 (8th Cir. 1970)

   The Custodian believes that the Debtor, the CEO, and 50% of the shareholders will argue that it has authority to file for bankruptcy notwithstanding the fact that Custodian had stepped into the shoes of the Officers and Directors. Any of the cases that might be cited by the CEO and 50% of the shareholders are distinguishable. The ***Debtor*** requested a receivership which was ultimately denies by the Johnson County District Court, but the parties ultimately agreed to appoint Sopinski as Custodian and filed a joint motion for the appointment of a custodian. Any of the cases cited by the CEO and 50% shareholders will involve receiverships filed by creditors and not the custodianship actually requested by the Debtor. The CEO and the 50% shareholders did not like the oversight by the Custodian, but it cannot simply usurp the Custodian's court appointed power. If the CEO and the 50% shareholders believed that bankruptcy relief was necessary then this should have been communicated to the Custodian. The CEO and the 50%

shareholders cannot simply terminate the Custodianship without seeking relief from the Johnson County District Court.

    4. Motions for alternative relief

In the event that Court does not rule for the dismissal of this bankruptcy under Sec. 1112, the Custodian prays for alternative relief. The Custodian believes that Court can abstain from hearing this matter pursuant to Sec. 305. The arguments that the Court should abstain from hearing this matter are the same as dismissal, but under a different code section. The Custodian incorporates the arguments contained above and herein.

As a further alternative, the Custodian should be excused from the turnover requirements of Sec. 543. The parties agreed to the appointment of Mr. Sopinski as Custodian and CEO and 50% of the shareholders cannot simply ignore the Johnson County District Court Orders.

As a further alternative, the Court should appoint John Sopinski as Chapter 11 Trustee. The shareholders are deadlocked and the Court should not allow 50% of the shareholders and the CEO to undetermined the Custodian's role. The parties consented to the appointment of the custodian and the Debtor and 50% of the shareholders cannot withdraw this consent because they do not like the oversight of the Custodian.

WHEREFORE, the John Sopinski respectfully requests the entry of an order dismissing these bankruptcy cases, or in the alternative, the Court should abstain from hearing this matter pursuant to Sec. 305. In the alternative, the Custodian seeks an Order from the Court relieving him from the turnover requirements of Sec. 543. In the further alternative, the Custodian John Sopinski moves that he be appointed Ch. 11 Trustee, and granting the Custodian such other relief that the Court deems necessary.

00680149      9

## NOTICE OF MOTION

Any response to the motion must be filed with 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court.  Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov.  Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106.  Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem.  The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing.  Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court.  Notice of such hearing will be provided to all parties in interest.  If no response is filed within 21 days, the Court will enter an order.

For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, MO#52343, KS #19538
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (FAX)
cgotham@emlawkc.com
ATTORNEYS FOR CUSTODIAN
JOHN SOPINSKI

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motion was, on this 6th day of July, 2015, filed and served electronically by the Clerk of the Court to all parties.

*/s/ Colin N. Gotham*
Colin N. Gotham